**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISON**

**JEANETTE R. GONZALEZ,**

**CASE NO.:**

**Plaintiff,**

**vs.**

**DEMAND FOR JURY TRIAL**

**PORTFOLIO RECOVERY ASSOCIATES, LLC. and POLLACK & ROSEN PA ,**

**Defendants.**

_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, JEANETTE R. GONZALEZ., by and through undersigned counsel, hereby sues the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA") and POLLACK & ROSEN PA, and in support thereof respectfully, alleges the following:

1. Plaintiff alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the FDCPA and/or by 28 U.S.C. § 1332, diversity jurisdiction.

3. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012); *and Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. Ct. App. 2014).

4. Venue is proper in this District because the Plaintiff resides in the Middle District (Osceola County, Florida) and the Defendant transacts business in this District.

**FACTUAL ALLEGATIONS**

5. Plaintiff JEANETTE R. GONZALEZ is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida, and resides in the Middle District of Florida.

6. Defendant Portfolio Recovery Associates, LLC is a limited liability company which was formed in Delaware with its principal place of business in Norfolk, VA and conducts business in the State of Florida. It is a known debt collection company.

7. Defendant Pollack & Rosen, PA is a debt collection law firm based in Coral Gables, Florida. It conducts business around Florida on behalf of clients such as Portfolio Recovery Associates, attempting to collect consumer debts.

8. The conduct of Defendants which gives rise to the cause of action herein alleged occurred in this District, in Duval County, Florida, by the improper filing of suit against Plaintiff.

9. Defendant, at all material times, was attempting to collect on a credit card account debt entered into by Plaintiff, JEANETTE R. GONZALEZ. (hereinafter the "subject account"), which was assigned to Defendant PRA and sued on by Defendant Pollack and Rosen.

**RELEVANT FACTS**

10. Plaintiff resides in Kissimmee, Osceola County, Florida and has done so for years prior to this suit.

11. Prior to August 27, 2019, Defendant PRA was assigned a consumer debt alleged owed by

Plaintiff.

12. On August 27, 2019, Defendant Pollack & Rosen, PA, on behalf of its client, PRA, filed a lawsuit in Duval county court against Plaintiff for the collection of the Debt (Uniform Case No. 16-2019-SC-011596-XXXX-MA).

13. Defendants had personal information regarding Plaintiff demonstrating that she lived in Osceola County and served Plaintiff in Osceola County, Florida. ***See Summons attached as Exhibit A.***

14. The Duval County courthouse is approximately 158 miles from Plaintiff's home address in Kissimmee, Florida.

**COUNT I**
**(Violation of the FDCPA – Portfolio Recovery Associates, LLC)**

15. Plaintiff JEANETTE GONZALEZ incorporates by reference paragraphs one (1) through fourteen (14) of this Complaint as though fully stated herein.

16. The Defendant PRA is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The foregoing acts and omissions of Defendant PRA and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692i (failing to bring a debt collection action against a debtor in the proper venue) and 15 U.S.C. § 1692d (A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt).

18. The FDCPA, 12 U.S.C. § 1692i, states, in part that "Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

19. When collection suits are filed in state court, "judicial district or similar legal entity" refers to judicial 1502*1502 subdivisions of a state court system, not to federal district court subdivisions. *Martinez v. Albuquerque Collection Serv.*, 867 F. Supp. 1495, 1501-1502 (Dist. Ct. D. New Mexico, 1994) *citing Dutton v. Wolhar*, 809 F.Supp. 1130, 1139 (D.Del. 1992) *and Action Prof. Servs. v. Kiggins*, 458 N.W.2d 365, 367 (S.D.1990).

20. The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor. *Blakemore v. Pekay,* 895 F. Supp. 972 (Dist. Ct. ND Illinois, 1995).

21. "Filing in the wrong county . . . is clearly a violation of section 1692i." *Blakemore*, at 979, *citing Oglesby et al v. Rotche et al.*, 1993 WL 460841 (N.D.Ill.1993) (Plunkett, J.); *Newsom v. Friedman*, No. 94 C 5312 Slip Op. at 4 (N.D.Ill.1995) (Kokoras, J.); *Action Professional Svc. v. Kiggins et al.*, 458 N.W.2d 365 (S.D.1990); *Dutton v. Wolhar*, 809 F.Supp. 980*980 1130 (D.Delaware 1992); and S*hapiro and Meinhold et al. v. Zartman*, 823 P.2d 120, 123 (Colo.1992).

22. The Federal Trade Commission has specifically noted this issue, as well, in a staff letter. The September 12, 1989 staff letter explains that section 1692i(a)(2):

> Requires that the suit be brought in the county where the consumer resides at the commencement of he [the] action regardless of the fact that the other four counties are located within the same judicial circuit.... Congress intended to incorporate into section 811 [codified at 15 U.S.C. § 1692i(a)(2)] the 'fair venue standards' developed by the Federal Trade Commission under section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Under those standards, the Commission had consistently prohibited the

> bringing of suits in counties other than where consumers reside or signed the contracts sued upon, the Commission's objective being to insure that consumers are sued in the most convenient and closest forums. [Emphasis in original]

(FTC Advisory Letter from Rachelle Browne to John P. Schwulst of 9/12/92).

23. Although Defendant's attorneys filed the suit, "[d]ebt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct." *See Martinez*, at 1502, *citing* 17 Am.Jur.2d Consumer Protection § 200 (1990) (debt collector liable for its attorney's conduct because otherwise collector could evade the FDCPA by hiring attorney to do what it could not do); *also see Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir.1994) (after repeal of attorney exemption, debt collector still liable under the FDCPA for its attorney's conduct; otherwise the venue provision superfluous for the first nine years of its operation); *Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480, 1486 (M.D.Ala.1987) (while attorney exemption intact, debt collector liable under the FDCPA for its attorney's violations); *West v. Costen*, 558 F.Supp. 564, 573 (W.D.Vir.1983) (creditor corporation liable under the FDCPA for the acts of its independent collection agents).

24. It is clear, therefore, that failure to file suit in the proper county, Osceola County, Florida, was a violation of the FDCPA by the Defendant PRA.

25. This type of violation demonstrates an interest in harassment and abuse of venue in order to require the debtor to travel to another county over two hours away in order to respond to Defendant's complaint.

26. This violation becomes more apparent with Duval County's small claims rules, requiring parties to appear in person at pre-trial conferences set by the court at the case's outset.

27. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff, JEANETTE R. GONZALEZ respectfully demands a trial by jury on all issues so triable and judgment against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. for statutory damages, actual damages, treble damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FDCPA – Pollack & Rosen, PA)**

28. Plaintiff JEANETTE GONZALEZ incorporates by reference paragraphs one (1) through fourteen (14) of this Complaint as though fully stated herein.

29. The Defendant Pollack & Rosen, PA is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

30. The foregoing acts and omissions of Defendant Pollack & Rosen and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692i (failing to bring a debt collection action against a debtor in the proper venue) and 15 U.S.C. § 1692d (A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt).

31. The FDCPA, 12 U.S.C. § 1692i, states, in part that "Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

32. When collection suits are filed in state court, "judicial district or similar legal entity" refers to judicial 1502*1502 subdivisions of a state court system, not to federal district court subdivisions. *Martinez v. Albuquerque Collection Serv.*, 867 F. Supp. 1495, 1501-1502 (Dist. Ct. D. New Mexico, 1994) *citing Dutton v. Wolhar*, 809 F.Supp. 1130, 1139 (D.Del. 1992) *and Action Prof. Servs. v. Kiggins*, 458 N.W.2d 365, 367 (S.D.1990).

33. The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts <u>inconvenient to the debtor</u>. *Blakemore v. Pekay,* 895 F. Supp. 972 (Dist. Ct. ND Illinois, 1995).

34. "Filing in the wrong county . . . is clearly a violation of section 1692i." *Blakemore*, at 979, *citing Oglesby et al v. Rotche et al.*, 1993 WL 460841 (N.D.Ill.1993) (Plunkett, J.); *Newsom v. Friedman*, No. 94 C 5312 Slip Op. at 4 (N.D.Ill.1995) (Kokoras, J.); *Action Professional Svc. v. Kiggins et al.*, 458 N.W.2d 365 (S.D.1990); *Dutton v. Wolhar*, 809 F.Supp. 980*980 1130 (D.Delaware 1992); and S*hapiro and Meinhold et al. v. Zartman*, 823 P.2d 120, 123 (Colo.1992).

35. The Federal Trade Commission has specifically noted this issue, as well, in a staff letter. The September 12, 1989 staff letter explains that section 1692i(a)(2):

> Requires that the suit be brought in the county where the consumer resides at the commencement of he [the] action regardless of the fact that the other four counties are located within the same judicial circuit.... Congress intended to incorporate into section 811 [codified at 15 U.S.C. § 1692i(a)(2)] the 'fair venue standards' developed by the Federal Trade Commission under section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Under those standards, the Commission had consistently prohibited the

bringing of suits in counties other than where consumers reside or signed the contracts sued upon, the Commission's objective being to insure that consumers are sued in the most convenient and closest forums. [Emphasis in original]

(FTC Advisory Letter from Rachelle Browne to John P. Schwulst of 9/12/92).

36. It is clear, therefore, that failure to file suit in the proper county, Osceola County, Florida, was a violation of the FDCPA by the Defendant Pollack & Rosen.

37. This type of violation demonstrates an interest in harassment and abuse of venue in order to require the debtor to travel to another county over two hours away in order to respond to Defendant's complaint.

38. This violation becomes more apparent with Duval County's small claims rules, requiring parties to appear in person at pre-trial conferences set by the court at the case's outset.

39. In addition, Defendant Pollack & Rosen, PA already knew of Plaintiff's actual address, having properly served her with process and summons at her Kissimmee home.

40. As a result of Defendant Pollack & Rosen, PA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff, JEANETTE R. GONZALEZ respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Pollack & Rosen, PA for statutory damages, actual damages, treble damages, punitive damages, costs, fees, interest, and any other such relief the court may deem just and proper.

**TRIAL BY JURY**

41. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.

**SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence – paper, audio recordings, electronic documents, or data – pertaining to this litigation as required by law.

Dated this 2nd of January, 2020.

**MAX HUNTER STORY, P.A.**

/s/ Max Story
Max Story, Esquire
Florida Bar No. 0527238
Austin J. Griffin, Esquire
Florida Bar No. 117740
328 2ND Avenue North
Jacksonville Beach, Florida 32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff

AMERICANS WITH DISABILITY ACT (ADA) NOTICE INDIVIDUALS WITH DISABILITIES NEEDING A REASONABLE ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE COURT ADMINISTRATORS OFFICE, AS SOON AS POSSIBLE. TELEPHONE: (904) 255-1695; OR, IF HEARING IMPAIRED. 1-800-955-8771 (TDD); OR 1-800-955-8770 (V), VIA FLORIDA RELAY SERVICE.

IN THE COUNTY COURT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2019-SC-011596-XXXX-MA
DIVISION: CC-N (CIVIL)

ALIAS

EXHIBIT
A
tabbies

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
PLAINTIFF(S)

VS.

**JEANNETTE R GONZALEZ**
DEFENDANT(S)

SUMMONS / NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) JEANNETTE R GONZALEZ,
199 CORAL REEF CIR
KISSIMMEE, FL 34743

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at: **501 WEST ADAMS STREET, 2379 JURY ASSEMBLY ROOM, 2ND FLOOR, JACKSONVILLE FL, 32202**
**ON** JANUARY 9, 2020 AT 1:30 PM.

**IMPORTANT - READ CAREFULLY**
**THIS CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**

**DO NOT BRING WITNESSES. YOU MUST APPEAR IN PERSON OR BY ATTORNEY. WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS INCLUDING COSTS, ATTORNEYS FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**

**THE DEFENDANT(S)** must appear in the court on the date specified in order to avoid a default judgment. **THE PLAINTIFF(S)** must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) of defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/MEDIATION.

**The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.**

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

**Mediation**

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is informal and non adversarial processes with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in the county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request the case be moved to a proper location or venue.**

**A proper location or venue may be one of the following:**
**(1) where the contract was entered into;**
**(2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides;**
**(3) if the suit is to recovery property or to foreclose a lien, where the property is located;**
**(4) where the event giving rise to the suit occurred;**
**(5) where any one or more of the defendants sued reside;**
**(6) any location agreed to in contract;**
**(7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED AT Jacksonville, Florida on this 25th day of November, A.D. 2019

**CORPORATIONS:**
**ANY PERSON APPEARING FOR A CORPORATION SHALL BE AN OFFICER OR EMPLOYEE AND SHALL BRING AN AFFIDAVIT FOR THAT PARTY TO APPEAR IN ITS BEHALF**

**RONNIE FUSSELL**
**CLERK OF THE COUNTY COURT**
**CIVIL DIVISION**
**Rm.1048 Duval County Courthouse**
**501 West Adams Street**
**Jacksonville, Florida 32202**
**(904) 255-2000**

CLERK OF THE CIRCUIT COURT SUUM CUIQUE DUVAL COUNTY, FLORIDA

This is a True and Correct Seal

BY: Lindsey Merced
Deputy Clerk

**IF YOU DESIRE TO FILE ANDY COUNTERCLAIM OR SET-OFF TO PLAINTIFF'S CLAIM, IT MAY BE FILED IN THIS COURT BY YOU OR YOUR ATTORNEY, IN WRITING, NOT LESS THAN (5) DAYS BEFORE THE APPEARANCE DATE.**

**For legal assistance and information on a free legal workshop offered by Jacksonville Area Legal Aid please visit the Clerk of Courts' website at http://www.duvalclerk.com/ccWebsite/CountyCivil.department. A Pre-Trial Clinic is also available BEFORE the session begins at 12:30 p.m. Please come early to take advantage of some valuable information to help you understand the process.**

**ELECTRONICALLY GENERATED DOCUMENT 25th of November, 2019**